LUISA MARTÍNEZ GONZÁLEZ, Petitioner, *v.* JOSEFINA N. WIDOW OF MORALES, ACTING SECRETARY, DISTRICT COURT OF PUERTO RICO, SAN JUAN DISTRICT, Respondent.

No. 447. Argued December 4, 1950.—Decided February 21, 1951.

*Luis Blanco Lugo* for petitioner. *Víctor Gutiérrez Franqui,* Attorney General (*Vicente Géigel Polanco, Former Attorney General,* on the brief) and *Edgar S. Belaval, Assistant Attorney General,* for respondent.

Mr. Justice Snyder delivered the opinion of the Court.

This is a petition for mandamus filed in this Court in which we are called on to determine (1) if the procedure found in the Rules of Civil Procedure rather than in the Mandamus Law applies in a mandamus proceeding and (2) if a defendant who is served outside the geographic limits of the District of the District Court in which the suit is filed has ten or twenty days to plead.

The petitioner sued for a divorce in the District Court, San Juan Section. The defendant was served in person by the marshal of the Guayama Section of the District Court of Puerto Rico on October 14, 1950. On October 30 the plaintiff requested the Acting Secretary to enter the default of the defendant on the ground that the latter had not appeared within ten days. This request was denied on the theory that the defendant was entitled to twenty days, which had not yet expired. The district court refused the request of the plaintiff to instruct the Acting Secretary to enter the default. We issued an alternative writ requiring the Acting

Secretary to enter the default or to show cause why she has not done so, as provided in the Law of Mandamus, § 653, Code of Civil Procedure, 1933 ed.

 The Attorney General, representing the Acting Secretary, first contends that we lack jurisdiction. He points out that Rule 81 of the Rules of Civil Procedure provides that the Rules shall be applicable to mandamus, and that Rule 4 requires a summons in all cases.[1] This means, according to the Attorney General, that the provision in the Mandamus Law for issuance of an alternative writ with a show cause order has been superseded by the requirement in Rule 4 of a summons. And since we issued an alternative writ in this case and the Acting Secretary has not been summoned, the Attorney General argues that we lack jurisdiction.

We see no escape from this contention of the Attorney General. By providing in Rule 81 that the Rules shall apply to mandamus, we made Rule 4 applicable to such cases. This means that the alternative writ no longer exists here. Instead, the defendant is brought into court by a summons and is required to plead pursuant to the Rules. To this extent, the summary character of mandamus as established by the Law of Mandamus has been lost. See *Rivera v. Cancel*, 68 P.R.R. 339; *Rivera v. Hernández*, 70 P.R.R. 521, 524. But we need hardly add that the Rules likewise provide for speedy action. Our courts must therefore be alert to apply the Rules in such a way that prompt disposition is had in mandamus cases, either granting or denying the writ.

 Before leaving this point, we think it appropriate to discuss two questions which were raised at the oral argument. We provided in Rule 2 that "There shall be one form of action to be known as 'civil action'". We recognize, as the petitioner pointed out at the oral argument, that Fed-

---

[1] The Rules apply to cases filed originally in this Court. *Archilla v. Tugwell, Governor*, 63 P.R.R. 397, 410.

eral Rule 2 from which this was copied was designed primarily to abolish the distinctions between suits at law and in equity. 1 Moore's Federal Practice, p. 105 *et seq.* And this distinction has never existed in this jurisdiction. But both our Rule 2 and Federal Rule 2 result in providing a uniform procedure for all suits to which they apply, whether they were previously known as ordinary or extraordinary. In fact, the writ of mandamus, although it plays a much more limited role in the Federal system than in ours, was abolished by Federal Rule 81(*b*), with the proviso that relief heretofore available by mandamus may be obtained by appropriate action or by appropriate motion under the practice prescribed by the Federal Rules. 3 Moore, *supra,* pp. 3427–28. In any event, our Rules do not abolish the writ of mandamus. Instead, Rule 81 specifically makes them applicable to mandamus and under Rule 2 it is simply a "civil action" like other law suits. But as already noted, our Rules contemplate speedy action in the issuance of a writ of mandamus when the facts justify such action.

■■ The second question raised at the oral argument was that under § 48 of the Organic Act, 48 U.S.C. § 872, the Rules could not validly change the provisions of the Law of Mandamus. Section 48 reads in part that the district courts of Puerto Rico "may grant writs of mandamus in all proper cases". In the first place, this portion of § 48 applies only to the district courts, and not to an original proceeding in this Court. But it is more important to note that § 48 says nothing about the procedure to be used in granting writs of mandamus. Nor does § 48 require that the alternative writ shall be a part of the proceeding. Consequently, we have not infringed § 48 by the Rules, which preserve the writ of mandamus with a substituted procedure which, if properly administrated, can be as speedy as that found in the Law of Mandamus.

■■ In view of the foregoing, technically we do not have jurisdiction until the Acting Secretary is summoned

pursuant to Rule 4. However, before the case was argued on the merits, the petitioner filed a motion requesting us (1) to set aside our order directing the issuance of an alternative writ and (2) to order issuance of a summons to the Acting Secretary. We erred in denying this motion. And the parties have argued the case fully on the merits. Under these circumstances, in view of the importance of settling the question promptly, we shall proceed to a discussion of whether the defendant in the divorce case was entitled to ten or twenty days to plead.

By virtue of §§ 2, 3, 24 and 36 of Act No. 432, Laws of Puerto Rico, 1950, Puerto Rico became one judicial district, with one District Court, which has jurisdiction throughout Puerto Rico. See *Figueroa* v. *District Court*, *ante*, p. 23. Prior to the passage of Act No. 432, both Rule 12 (*a*) and § 89, par. 3, of the Code of Civil Procedure provided that the defendant must plead within ten days after service of the summons if it is served within the district in which the action is brought and within twenty days if it is served outside the said district but within Puerto Rico. But the cited Sections of Act No. 432 make it clear that the provisions for twenty days in Rule 12 (*a*) and § 89, par. 3, are now superfluous since it is no longer possible to be served outside the district but within Puerto Rico. As service anywhere in Puerto Rico is now within the district, the defendant has only ten days after service of a summons to plead. The Acting Secretary therefore erred in refusing to enter the default of the defendant in the divorce case. However, as the Acting Secretary has never been properly summoned, technically we have no jurisdiction at this time to issue a writ of mandamus against her.

For the reasons stated, the alternative writ of mandamus is vacated.